## Russel Hinckley
### v.
## City of Belleville.

1. Banker — *definition of.* The term "banker" includes all the business of a money-changer; and this court understands the term, "money-changer," in the same sense as defined by Webster, — "a broker who deals in money or exchanges."

2. Same — *business of — same as that of the money-changer.* The buying and selling of uncurrent funds, exchanging one kind of money for another, or the transacting of any kind of business included in the business of a money-changer, is equally a part of the business of a private banker, as carried on within this State.

3. When the charter of a city empowered its council to tax, regulate and license bankers, money-changers, and certain other tradesmen, and the city council, by virtue thereof, passed an ordinance requiring bankers to take out a license, — *held,* upon the question, as to whether the council possessed such power, the agreed case merely describing the party as a banker, without particularizing the kinds of business transacted by him, that the term "banker," as thus used, comprehends the various kinds of business ordinarily carried on by bankers in this State, and can be required to take out a license under that provison of the charter which applies to money-changers.

Appeal from the Circuit Court of St. Clair county; the Hon. Joseph Gillespie, Judge, presiding.

This was an action prosecuted against the appellant, before a police magistrate of the city of Belleville, to recover the penalty for a violation of an ordinance of said city, requiring bankers to take out a license. Trial was had, and the appellant found guilty, and a fine of fifty dollars and costs of suit imposed. An appeal was taken to the Circuit Court of St. Clair county, where, by consent of the parties, the cause was tried by the court, upon an agreed statement of the facts, and judgment rendered in favor of the appellee, for $100 and costs. Whereupon the appellant prayed an appeal to this court.

Mr. M. W. Weir, for the appellant.

Mr. William H. Underwood, and Mr. James M. Hay, for appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The city of Belleville was incorporated in 1850, by an act of the legislature, giving it the same powers that were granted in the charter of Springfield. Under this charter it was authorized " to license, tax, and regulate auctioneers, merchants and retailers, grocers, taverns, ordinaries, bankers, peddlers, brokers, pawnbrokers, and money-changers." In 1859, a new charter was adopted with an express reservation of the powers contained in the old. The city council has passed an ordinance requiring bankers to take out a license, paying therefor $100, and the question presented by this record is, whether the council has the power to do this. The agreed case upon which this appeal comes before us, merely describes the appellant as a banker, without particularizing the kinds of business transacted by him. We construe the agreed case as meaning, that he transacts the business ordinarily done at private banking houses in this State. Without considering the question as to how far a banker and a money-broker are the same in the common parlance and business usages of this State, there is at least no doubt that the term " banker" includes all the business of a money-changer. A money-changer is defined by Webster to be " a broker who deals in money or exchanges." The word has passed out of common use, but when used, we understand it in the sense given by the learned lexicographer. Thus defined, it is certainly included in the business of a banker, and constitutes, indeed, the greater part of it. So, also, the buying and selling of uncurrent funds, and the exchanging one kind of money for another, are equally the practice of the money-changer and the banker. Indeed we are not aware of any kind of business understood to be within the former term, which is not considered a part of the business of a private banker, as carried on within this State, and we must construe the term " banker," used in this agreed case, as comprehending the various kinds of business ordinarily carried on by bankers among our own people. If, then, the business of the banker includes that of the money-changer, he may certainly be required to take out

a license under that provision of the charter which applies to money-changers. While the appellant is a banker he is also a money-changer.

*Judgment affirmed.*